<u>UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA</u>

| | |
|---|---|
| Saman Ghahremani<br>7041 River Oak Court<br>Clarksville, Maryland 21209<br><br>    Plaintiff,<br><br>V.<br><br>Uptown Partners, L.L.C.<br>4201 Cathedral Avenue, NW<br>#1005 W.<br>Washington, D.C. 20016<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) THIS SUIT INVOLVES TITLE<br>TO REAL PROPERTY<br>UNIT 321, LOT 68, SQUARE 236<br>RECORDED AT LIBER 196, FOLIO 79<br>LANGSTON HUGHES CONDOMINIUM |

<u>COMPLAINT</u>

Comes now Plaintiff Saman Ghahremani ("Dr. Ghahremani"), by and through counsel, and sues Defendant Uptown Partners, L.L.C. ("Uptown").

<u>Jurisdiction</u>

1. Dr. Ghahremani is an adult, competent individual and a resident of the State of Maryland.

2. Uptown is a limited liability company organized under the laws of and located in the District of Columbia.

3. The contract price of the parcel of real estate that is the subject of this specific performance action is $255,900 and therefore the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. This Court has diversity jurisdiction pursuant to 28 U.S.C. 1332 in that there exists complete diversity of citizenship between the parties and the jurisdictional amounts are met.

Claims

5. On or about December 13, 2002, the parties entered into a real estate sale contract, a copy of which is attached hereto and incorporated herein as Exhibit 1 (the "Contract"), pursuant to which Uptown was to sell and Dr. Ghahremani was to purchase a parcel of real property located in the District of Columbia namely, Unit 321 at the Langston Hughes Condominium which is known and distinguished as Unit 321 of Lot 68, Square 236 per documents recorded among the land records of the District of Columbia at Liber 196, Folio 79(the "Property"). The condominium building of which the Property is part is known as the Langston Hughes Condominium or Langston Lofts which is located at 14th and V Streets, N.W., Washington, D.C.

6. In Exhibit 1, Dr. Ghahremani is listed as one of two purchasers, the other being Farzel Davarya, a friend of his. On December 13, 2002, prior to signing the Contract, Dr. Ghahremani and Mr. Davarya met with a real estate agent who represented Uptown. The agent suggested that Mr. Davarya be shown on the Contract as one of the purchasers because he was already on a waiting list for a Unit and Dr. Ghahremani was not. The agent assured them that there was no problem with that and that the deed would be prepared to show Dr. Ghahremani as the sole purchaser at closing.

7. On April 2, 2005, the Contract was amended by an Addendum signed only by Dr. Ghahremani and Uptown (along with Uptown's real estate broker) changing the price and showing Dr. Ghahremani as the sole purchaser. A copy of the Addendum is attached hereto and incorporated herein as Exhibit 2.

8. As further evidence that the parties to the Contract were Dr. Ghahremani and Uptown, in September of 2003, the parties entered into a price amendment related to certain options to be added to the Unit. This Agreement is attached hereto and incorporated herein as Exhibit 3 and it is

signed only by Uptown and Dr. Ghahremani's wife.

9. The subject condominium building had not been completed at the time that Exhibits 1-3 were executed.

10. By letter dated May 18, 2005, Uptown gave notice through its real estate broker that it had scheduled settlement for June 1, 2005. A copy of that letter is attached hereto and incorporated herein as Exhibit 4. The letter is addressed exclusively to Dr. Ghahremani.

11. On June 1, 2005, at the appointed time, Dr. Ghahremani and his wife appeared at Regional Title, Inc. for the settlement as instructed by Uptown in Exhibit 4. Dr. Ghahremani appeared at settlement, ready, willing and able to perform all of his obligations under the contract. Uptown failed to appear.

12. The representative of Regional Title, Inc. called Uptown and then reported to Dr. Ghahremani that Uptown would not settle because he was asking for title "in the wrong name."

13. By letter dated June 10, 2005, Uptown's real estate broker wrote to Dr. Ghahremani and Mr. Davarya announcing that:

> Seller has instructed us to send you this formal notification that you are in default of Paragraph 22 (h) of your Purchase Agreement to buy Condominium Unit 321 at Langston Lofts Condominium. You indicated that it was to be your primary residence as required under the contract.

A copy of the letter dated June 10, 2005, is attached hereto as Exhibit 5.

14. In fact, the Contract does not require the Unit to be used as purchaser's primary residence. The statement appearing in Paragraph 22 (h) only required a representation that *in 2002* Dr. Ghahremani intended the condominium to be his primary residence. See, Paragraph 22 (h) of Exhibit 1. At the time that the contract was signed, Dr. Ghahremani did intend to use the Unit as the

primary residence for himself, his wife and their one child. In the three years it took to get the property built and ready for occupancy, the Ghahremanis had another child. As of the time of closing, the Ghahremanis concluded that the Unit was not large enough for their family.

15. Paragraph 23 of the Contract incorporates the "Condominium Instruments" into the Contract. The Condominium Instruments were created by Uptown as was the Contract.

16. The Condominium Instruments identified in Paragraph 23 of the Contract include the Condominium Bylaws. Sections 7.8B(1) and B(4) of the Bylaws specifically allow owners of the Residential Units to use their Units for rental purposes thus demonstrating that the subject Unit did not have to be used as the owner's primary residence. A copy of the relevant portions Section 7.8 of the Condominium Bylaws is attached hereto as Exhibit 6.

17. Section 7.8B(1) of the Bylaws states, in pertinent part:

> Residential Units shall be used for private reside ntial purposes exclusively, except that a Residential Unit Owner **or its tenant** [may operate ancillary businesses](Emphasis added)

Section 7.8B(4) of the Bylaws states, in pertinent part:

> <u>Leasing</u>. No portion of any Residential Unit (**other than the entire Residential Unit**) shall be leased for any period. (Emphasis added)

Thus, there is no prohibition against the Units being used for investment or rental purposes and the very documents created by Uptown so demonstrate.

18. The actual reason for Uptown's unlawful actions is that the value of the Unit has gone up substantially since 2002 and Uptown can sell the Unit for more approximately twice the amount that the price shown in the Contract. The given excuses by Uptown for its unprincipled refusal to meet its contractual obligations are pretextual.

19. Based upon the foregoing, Uptown is in default under the Contract and is in breach thereof and Dr. Ghahremani is entitled to purchase the Unit in accordance with the Contract.

20. Uptown's breach of contract aforesaid has foreseeably caused Dr. Ghahremani injury and shall continue to cause him injury until such time as this Court orders specific performance of the Contract and awards him his damages because of the said breach.

21. Uptown will be unjustly enriched if it is allowed to withdraw from the Contract and sell the Unit at the enhanced price that the Unit now commands.

22. Dr. Ghahremani is now the equitable owner of the Property and is entitled to a lis pendens until this matter is adjudicated and he has received both equitable and legal title to the Property.

23. Dr. Ghahremani remains ready, willing and able to perform his duties under the Contract.

WHEREFORE, the premises considered, Dr. Ghahremani respectfully prays relief as follows:

1. Injunctive relief prohibiting the sale or encumbrance of the Property during these proceedings.

2. A declaration by this Court that Dr. Ghahremani is the equitable owner of the subject property.

3. An Order of this Court requiring specific performance of the Contract by Uptown.

4. An award of damages to Dr. Ghahremani in such amounts as the evidence shall demonstrate him to be entitled to.

5. An award of Dr. Ghahremani's costs incurred in bringing this action, including reasonable attorneys' fees.

6.      Such other and further relief as to the Court shall seem just.

                                        Respectfully submitted,

                                        _____
                                        Robert N. Levin, Bar No. 79137
                                        Robert N. Levin, PC
                                        1901 Research Boulevard, Suite 400
                                        Rockville, Maryland 20850
                                        (301) 517-8727

G:\GHAHREMANI\complaint.wpd