UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

SAMAN GHAHREMANI

    Plaintiff,

    v.

UPTOWN PARTNERS, L.L.C.

    Defendant.

Case Number 1:05CV01270
Judge: Colleen Kollar-Kotelly

## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, Uptown Partners, L.L.C. ("Uptown"), by and through undersigned counsel, hereby answers Plaintiff Saman Ghahremani's ("Ghahremani") Complaint and states as follows:

## FIRST DEFENSE

In response to the numbered paragraphs of the Complaint, the Defendant responds as follows:

1. Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in this paragraph.

2. Admitted.

3. The contract speaks for itself and Defendant denies any allegations which differ from same.

4. Paragraph four constitutes a legal conclusion to which no response is required.

5. Defendant admits the parties entered into a real estate contract for purchase and sale of the Property, submits that the Contract speaks for itself and otherwise denies the remaining allegations of paragraph five.

6. The Contract speaks for itself and Defendant otherwise denies the remaining

allegations of paragraph six.

7. Defendant admits the existence of the Addendum referred to in paragraph 7, submits that the Addendum speaks for itself, and otherwise denies the remaining allegations.

8. Defendant admits the existence of the Addendum referrred to in Paragraph 8, submits that the Addendum speaks for itself and otherwise denies the remaining allegations.

9. Admitted.

10. Defendant denies the implication that addressing a letter to Ghahremani amends the Contract or alters the purchasers on the Contract, otherwise states that the letter speaks for itself and denies any of the remaining allegations of paragraph 10.

11. Denied.

12. Denied.

13. Defendant admits the existence of the letter states that the letter speaks for itself and denies any remaining allegations of paragraph 13.

14. The Contract speaks for itself and Defendant otherwise denies the remaining allegations of paragraph six.

15. The Contract speaks for itself and Defendant denies any allegations which differ from same, Defendant admits that it created the Contract and the Condominium Instruments.

16. The Condominium Instruments speak for themselves and Defendant denies any allegations which differ from same.

17. The Bylaws speak for themselves and Defendant denies any allegations that differ from same.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

In response to the un-numbered paragraphs following paragraph twenty-three, Defendant states that Plaintiff is not entitled to any relief whatsoever.

## SECOND DEFENSE

The Defendant denies all allegations not specifically admitted.

## THIRD DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## FOURTH DEFENSE

Plaintiff's claims are barred by his own breaches, negligence, and wrongful and/or fraudulent conduct.

## FIFTH DEFENSE

Plaintiff's claims are barred by the doctrines of estoppel, waiver, and/or ratification.

## SIXTH DEFENSE

The Complaint is barred by the doctrine of laches.

## SEVENTH DEFENSE

Plaintiff's claims are barred by the non-severability provision in the Contract.

## EIGHTH DEFENSE

Plaintiff's claims are barred by the failure to join an indispensable party.

**NINTH DEFENSE**

Plaintiff's claims are barred by the Statue of Frauds.

**TENTH DEFENSE**

Plaintiff's claims are barred by the doctrines of merger and parol evidence.

Defendant further reserves the right to raise any and all defenses available in law or in fact that may be revealed through discovery or at trial.

_____
Andrew J. Kline [358547]
Scott H. Rome [476677]
LAW OFFICES OF ANDREW J. KLINE
1225 Nineteenth Street, NW, Suite 320
Washington, DC 20036
(202) 686-7600
Counsel for Defendant