## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SAMAN GHAHREMANI** | |
| **Plaintiff,** | Case Number 1:05CV01270 |
| | Judge: Colleen Kollar-Kotelly |
| **v.** | |
| **UPTOWN PARTNERS, L.L.C.** | |
| **Defendant.** | |

### <u>DEFENDANT'S MOTION TO DISMISS</u>

Defendant, Uptown Partners, L.L.C., by and through undersigned counsel, and pursuant to Rule 12(b)(6), 12(b)(7), and Rule 19, hereby moves to dismiss the Complaint filed in this action by Plaintiff Saman Ghahremani, and in support thereof states as follows:

1.    This action aries out of a Condominium Unit Purchase Agreement (the "Contract") between Seller Uptown Partners, LLC, and purchasers Saman Ghahremani ("Ghahremani") and Farzel Davarya ("Davarya ") (collectively referred to as the "Purchasers").

2.    Pursuant to the Contract, Purchasers agreed to purchase and occupy as their primary residence, a condominium located at 1390 V Street, N.W. Washington D.C. 2009, Unit 321 (the "Property").

3.    The Contract states that both Ghahremani and Davarya are purchasers of the Property, and that Purchasers intended to use the Property as a primary residence.

4.    Plaintiff's Complaint itself, however, demonstrates that only Ghahremani intended to occupy the property and only Ghahremani was prepared to go to settlement on the Property.

5.    The Complaint states that Davarya merely signed the Contract because he was on a waiting list for the Property, while Ghahremani was not, and only Ghahremani intended to

occupy the Property.

6.     As demonstrated in the attached Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss, Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief may be granted, and failure to join an indispensable party.

7.     Even accepting the factual allegations of the Complaint as true, it is evident that one of the two Purchasers did not intend to occupy the Property, did not intend to sign the Deed, and did not intend to close on the Contract.

8.     It is evident from Plaintiff's own Complaint that Plaintiff himself breached the Contract and therefore Plaintiff should not be entitled to enforce the Contract or seek recovery as requested in Plaintiff's Complaint.

9.     Because the purchasers breached the Contract, Defendant was within its rights to refuse to settle on the Contract and transfer the Property to the Plaintiff, and Plaintiff's attempts to enforce the Contract through the present action must fail as a matter of law.

10.     Additionally, the present action should be dismissed because Plaintiff failed to join his co-purchaser Davarya, who  is an indispensable party to this litigation, and whose absence severely prejudices the rights of Defendant Uptown.

WHEREFORE, Defendant Uptown Partners, L.L.C. hereby requests that this Court dismiss the Complaint filed by Plaintiff, and grant such other further relief as this court deems necessary..

_____
Andrew J. Kline [358547]
Scott H. Rome [476677]
LAW OFFICES OF ANDREW J. KLINE
1225 Nineteenth Street, NW, Suite 320
Washington, DC 20036
(202) 686-7600
Counsel for Defendant

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **SAMAN GHAHREMANI** | |
| **Plaintiff,** | Case Number 1:05CV01270 |
| | Judge: Colleen Kollar-Kotelly |
| **v.** | |
| **UPTOWN PARTNERS, L.L.C.** | |
| **Defendant.** | |

**ORDER GRANTING DEFENDANT'S**
**MOTION TO DISMISS**

UPON CONSIDERATION OF Defendant Uptown Partners, L.L.C.'s Motion to Dismiss, and any opposition thereto, it is thereupon, this ____ day of _____ 2005,

**ORDERED** that the Motion is **GRANTED**; and it is further

**ORDERED** that the Complaint filed by Plaintiff Saman Ghahremani is hereby dismissed.

_____
Judge Colleen Kollar-Kotelly

copies to:

Andrew J. Kline, Esq.
LAW OFFICES OF ANDREW J. KLINE
1225 Nineteenth Street, NW, Suite 320
Washington, DC 20036

Robert N. Levin, Esq.
Robert N. Levin, PC
1901 Research Boulevard, Suite 400
Rockville, Maryland 20850.