UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

SAMAN GHAHREMANI

    **Plaintiff,**

    v.

UPTOWN PARTNERS, L.L.C.

    **Defendant.**

Case Number 1:05CV01270
Judge: Colleen Kollar-Kotelly

**MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

**I.    Background and Introduction**

This action aries out of a Condominium Unit Purchase Agreement (the "Contract") between Seller Uptown Partners, LLC ("Uptown"), and purchasers Saman Ghahremani ("Ghahremani") and Farzel Davarya ("Davarya ") (collectively referred to as the "Purchaser"). Ghahremani, as the sole Plaintiff, filed the complaint in this action (the "Complaint") seeking to enforce the Contract to purchase a condominium located at 1390 V Street, N.W. Washington D.C. 2009, Unit 321 (the "Property"). The Complaint should be dismissed because it seeks to enforce a Contract which the Purchaser breached, and the breach is apparent from the face of Plaintiff's Complaint. First, Ghahremani's Complaint demonstrates that Ghahremani and Davarya, collectively the defined Purchaser under the Contract, breached the warranty contained in the Contract that they intended to occupy the Property as their primary residence.[1] The

---

[1] Plaintiff Ghahremani contends that he and his family, but not Davarya, intended, at the time the Contract was signed, to occupy the Property as their primary residence. For the purposes of this Motion, that allegation is accepted as true. It should be noted, however, the Property is a one bedroom condominium unit of less than 900 square feet on Fourteenth Street, NW, in the District of Columbia. According to the records of the Maryland State Department of Assessments and Taxation, Plaintiff purchased the 4,400 square foot single family home in

Purchaser also breached the Contract by failing to proceed to settlement on the settlement date, and by purportedly assigning the Purchaser's rights under the Contract from Ghahremani and Davarya jointly to Ghahremani, despite the provision in the Contract barring any assignment without written consent. In addition to the three separate breaches of the Contract which bar Plaintiff's claims, the Complaint should also be dismissed for failure to join an indispensable party, the second purchaser Davarya, without whose presence the rights of the Defendant are severely prejudiced.

## II.   Legal standard for failure to state a claim

A court may dismiss a complaint for failure to state a claim if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Atchinson v. District of Columbia*, 73 F.3d 418, 422 (D.C. Cir.1996). In deciding such a motion, the court must accept all the complaint's well-pled factual allegations as true and draw all reasonable inferences in the non-movant's favor. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The court need not, however, accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations. e.g., *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir.1990).

Furthermore, a court will grant dismissal for failing to state a claim where the face of the complaint reveals obvious, "built-in" affirmative defenses. *Nwachukwu v. Karl*, 223 F.Supp.2d 60 (D.D.C. 2002); *citing*, *Garrett v. Commonwealth Mortgage Corp.*, 938 F.2d 591 (5th

---

Clarksville, Maryland where his family currently resides, a mere three (3) months prior to the signing of the contract to purchase the Property.

Cir.1991). As demonstrated in the Argument section below, Plaintiff's complaint contains an obvious built-in defense, the fact that the Purchaser breached the Contract.

In deciding this Motion to Dismiss, this Court may look beyond the Complaint to the Contract and the Addendum because those documents are attached to Plaintiff's Complaint. Federal Rule of Civil Procedure 10(c) states that "A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." Also, the District of Columbia Circuit has specifically held that a document attached to a Complaint may be considered in deciding a motion to dismiss:

> In deciding a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court "may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which the Court may take judicial notice."

*EEOC v. St. Francis Xavier Parochial School*, 117 F.3d 621, 624 (D.C.Cir.1997).

### III.   Plaintiff's Complaint fails to state a claim upon which relief may be granted

Plaintiff's Complaint, in violation of Federal Rule of Civil Procedure 10(b), contains no separate counts or numbered causes of action, and contains only a vague "wherefore" clause seeking various forms of relief including specific performance of the contract. It is assumed for the purposes of this Motion, that Plaintiff has intended to assert claims of "breach of contract" and "unjust enrichment." Even accepting the factual allegations of the Complaint as true, both of these counts must be dismissed for failure to state a claim upon which relief may be granted.

**A. Plaintiff's Complaint details three separate breaches of the Contract *by the Plaintiff* which bar Plaintiff's recovery**.

Plaintiff's Complaint reveals three breaches of the Contract by the Purchaser. First, Section Four of the Contract was breached because the "Purchaser," as defined in the Contract,

3

did not complete settlement on the date identified in the contract. Second, Section 22(h) of the Contract was breached by Purchaser, as Plaintiff concedes that Davarya did not intend to occupy the Property. Lastly, Section 22(a) of the Contract was breached as the Purchaser purported to assign the contract from Ghahremani **and** Davarya, to Ghahremani solely, without written consent of the seller.

The Complaint specifically alleges that the parties entered into the Contract with both Ghahremani and Davarya as the purchasers. *See*, Complaint at ¶ 6. In addition, the Contract attached to the Complaint as Exhibit 1 defines both Ghahremani and Davarya as the "Purchaser." See, Contract. The Addendum to the Contract, attached to the Complaint as Exhibit 2, also identifies the purchaser as both Ghahremani and Davarya. Plaintiff does not dispute that Davarya did not intend to settle on or occupy the property. In fact, it is alleged that Davarya was only on the Contract because he was already on the waiting list for the Property and Ghahremani was not on such a list. *See*, Complaint at ¶ 6.

Purchaser's breach in failing to settle on the Contract on the specified settlement date is evident by the allegations in the Complaint that Davarya did not intend to go to closing under the Contract. The Complaint states that "On June 1, 2005, at the appointed time, Dr. Ghahremani and his wife appeared at Regional Title, Inc, for the settlement as instructed by Uptown in Exhibit 4." *See*, Complaint at ¶ 11. The Complaint also states that: "Dr. Ghahremani appeared at settlement, ready, willing and able to perform all of his obligations under the contract. Uptown failed to appear" See, Complaint at ¶ 11. Although both Ghahremani and Davarya are defined as the Purchaser, it is apparent from the Complaint that Davarya did not appear. Davarya's failure to attend settlement and lack of intention to close on the Contract, is a breach of Section 4 of the

Contract by the Purchaser which requires the defined "Purchaser" to complete settlement on the date of settlement.

The second breach by the Purchaser, the lack of intention to occupy the Property as a primary residence under Section 22(h) of the Contract, is also evident from the face of the Complaint. Section 22(h) of the Contract states as follows:

> PURCHASER HEREBY REPRESENTS AND WARRANTS THAT PURCHASER INTENDS TO OCCUPY THE PROPERTY AS A PRIMARY RESIDENCE. ANY MISREPRESENTATION REGARDING PURCHASER'S INTENTION TO RESIDE IN THE UNIT SHALL CONSTITUTE A DEFAULT BY PURCHASER PURSUANT TO PARAGRAPH 15(a) HEREOF. (Emphasis in original).

Because of the importance of this provision, it is set forth in all capital letters and is the only provision of the Contract specifically initialed by the Purchaser, both Ghahremani and Davarya. Although the language of Section 22(h) contains the representation of the "Purchaser," defined as Ghahremani and Davarya, that they intended to use the Property as a primary residence, Plaintiff's Complaint identifies the individuals intending to reside in the Property: Dr Ghahremani, his wife and their one child. See, Complaint at ¶ 14. It is clear from the face of the Complaint that purchaser Davarya never intended to reside in the Property. Plaintiff and Davarya were thus in breach of the Contract at the time it was signed.

Both of the above covenants contained in the Contract, stating that Purchaser intended to occupy the Property as a primary residence and that Purchaser would settle on the date of closing, are joint obligations of Ghahremani and Davarya as Purchaser. "It is an incident of every joint contract that all contractors are bound to its performance." *See*, 12 Am.Jur. 816, sec. 270. Both Ghahremani and Davarya are bound by the terms of the Contract. The statements in the Complaint that only Ghahremani ever intended to perform these covenants amounts to a

breach of the Contract by Purchaser. The contract does not separate the rights or obligations of Davarya and Ghahremani, and they *both* initialed the provision requiring occupation as a primary residence. "[I]t is a principle of universal acceptance that an obligation by or a right given to two or more persons is a joint obligation or right, and there should be distinct words of severance to produce a several responsibility or right." *Farmers' Exchange Bank of Elvaston v. Sollars*, 353 Ill. 224, 187 N.E. 289 (Ill.1933) (citations omitted).

Finally, Purchaser breached the contract by assigning the collective rights of Davarya and Ghahremani to Ghahremani solely. Davarya and Ghahremani were both purchasers under the Contract. Plaintiff's Complaint asserts that Ghahremani had the sole right to close on the contract. If Davarya's rights under the contract were somehow forfeited or transferred to Ghahremani, an explicit or implicit assignment of such rights must have occurred. No such assignment is permitted under the Contract. The Contract states that "Purchaser shall have no right to assign this Agreement without the prior written consent of Seller." See, Contract at ¶ 22(a). Plaintiff's Complaint does not allege the existence of any written consent to the assignment, and refers only to oral statements that Ghahremani would be permitted to sign the Deed individually. See, Complaint at ¶ 6. Plaintiff's purported assignment was contrary to the terms of the Contract and constitutes another breach that prevents Plaintiff's recovery on the Contract.

**B. Nothing in the Complaint excuses Purchaser/Plaintiff's own breach of the Contract.**

Plaintiff's Complaint asserts that the claims against Uptown are not barred by Plaintiff's own breaches of the Contract because 1) Exhibits Two and Three to the Complaint modified the Purchaser under the Contract, and 2) the Contract was amended by the oral statements of a real

estate agent that a deed would be prepared with Ghahremani as the sole purchaser and not Davarya. *See*, Complaint at ¶ 6, 7. The allegation that the Contract was amended to remove Davarya cannot be sustained, as demonstrated by the very facts contained in Plaintiff's Complaint, the attached Exhibits, and the applicable law.

Plaintiff's statement as to the purpose and effect of Exhibit Two, the Addendum, is patently false. Exhibit Two, which is entitled Langston Hughes Condominium, Price Restate Addendum, again defines the Purchaser as "Samam Ghahremani & Farzad Devarya." *See*, Complaint at Exhibit Two. The allegation that this Addendum modified the purchaser under the Contract, first and foremost, is a conclusion of law, and thus not accepted as true in a motion to dismiss. *See*, *Lawrence, supra*. More importantly, the allegation directly contradicts the documents attached to the Complaint, and therefore even if treated as a statement of fact, the allegation need not be accepted as true. Although statements of fact are typically accepted as true in deciding a Motion to Dismiss, statements directly contradicted by factual evidence contained in attached documents relied upon in a Complaint are ***not*** accepted as true. *Rozsa v. May Davis Group, Inc.*, 187 F.Supp.2d 123, 128 (S.D.N.Y.2002) (emphasis added), *citing DeJesus-Keolamphu v. Village of Pelham Manor*, 999 F.Supp. 556, 563 (S.D.N.Y.1998) (quoting *Sazerac Co., Inc. v. Falk*, 861 F.Supp. 253, 257 (1994)), aff'd, 166 F.3d 1199 (2d Cir.1998). Despite Plaintiff's allegation that the Addendum amends the contract to reflect only Ghahremani as purchaser, the actual Addendum attached as Exhibit 2 to the Complaint, identifies *both* purchasers, and the "the documents control."

The Addendum does not purport to amend the identity of the purchasers of the Property, and specifically modifies only the purchase price. The recitals of the Addendum reflect that the

7

parties wish to modify the contract "as hereinafter set forth." The second page of the Addendum states that the "Agreement is modified as follows:" and thereafter contains language only modifying the purchase price, ***not*** the identity of the Purchasers. See, Complaint at Exhibit 2, page 2. The body of the Addendum consists of two numbered paragraphs, with subparagraphs. The first numbered paragraph sets forth an amended purchase price for the Property and the second numbered paragraph sets forth how the amended purchase price is to be paid. The Addendum concludes, before the prefatory language to the signatures, with an unnumbered paragraph that states as follows:

> This Addendum shall not alter, modify, or change in any other respect the Agreement, and except as modified herein, all of the terms and provisions of the Agreement are hereby expressly ratified and confirmed and shall remain in full force and effect.

The Addendum is signed by an authorized representative of Uptown Partners, LLC, and contains two (2) signature blocks for the Purchaser. Although, upon examination of the Addendum, it appears that the two signatures are that of the same person, and it is alleged in paragraph seven of the complaint that the person is Dr. Ghahremani, the two signatures bear little resemblance to the signature of Ghahremani as Purchaser on page 10 of the Contract.[2] For purposes of this Motion, it must be presumed, as alleged in the complaint, that the two signatures of Purchaser on the second page of Exhibit 2 are that of Dr. Ghahremani. Even if that is true, the Addendum is ineffective as a matter of law as an amendment to the Contract deleting Davarya as part of the defined Purchaser. The plain language of the Addendum evidences no intention of the parties to

---

[2]There is, perhaps, some resemblance between the two signatures of Purchaser on the Addendum and the signature of the first purchaser at the bottom of page 10 of the contract, acknowledging receipt of condominium instruments.

make such a change to the Contract. If a contract's plain language is unambiguous, plain meaning is to be given effect. *Central States, Southeast and Southwest Areas Pension Fund v. Central Transport, Inc.*, 861 F.Supp. 1402 (N.D.Ill.1994); *Textron Defense Sys. v. Widnall*, 143 F.3d 1465, 1469 (Fed.Cir.1998) (whenever possible, the plain language of the contract should be considered first).

Plaintiff next incorrectly asserts that Exhibit 3 to the Complaint somehow amends the Contract. Exhibit 3, which is captioned "Langston Lofts Schedule B", reflects the Purchaser's selection of options and reflects the costs of those options. This document is obviously the option sheet contemplated by paragraph 3(b) of the Contract, which gives the Purchaser the right to select items from Seller's list of available features. The document does not purport to modify the Contract in any way. Exhibit 3 contains the signature of only one unidentified person on behalf of Purchaser, which the Complaint identifies as "Dr. Ghahremani's wife."

Even accepting as true that Dr. Ghahremani's wife signed Exhibit 3, the Contract is not amended through this action. Although perhaps Defendant Uptown should have procured the signature of the Contract Purchaser in finalizing the selection of options, there is nothing to suggest, nor is it alleged, that whoever signed the option selection sheet on behalf of Purchaser was not authorized to do so.[3] There is nothing contained in Exhibit 3 which suggests that the parties intended the document to modify the Contract in any way. As the language of the option selection sheet is susceptible to a clear and definite understanding, Plaintiff may not use parol

---

[3] Of course, if Mrs. Ghahremani was not authorized to act on behalf of the Purchaser, Ghahremani and Davarya might contend that they are not bound by the option selection sheet. Those arguments, however, are irrelevant to the issue of who the defined Purchaser is under the Contract.

evidence in support of its proposition that Exhibit 3 somehow amended the Contract to change the Purchaser.

Plaintiff's also attempts to excuse Plaintiff's breach with the legal conclusion that Davarya was excused as a purchaser when a real estate agent for Uptown "assured them that . . . the deed would be prepared to show Dr, Ghahremani as the sole purchaser at closing." See, Complaint at ¶ 6. Even accepting this allegation as true, such an oral statement would not have the effect of amending the Contract to reflect Ghahremani as the sole purchaser. The attached Contract states:

> This Agreement and its addenda, if any, contains the final and entire agreement between the parties hereto, and the parties hereto shall not be bound by any terms, conditions, statements, warranties, or representations, oral or written, not herein contained. Purchaser agrees that Purchaser will rely only upon representations set forth in this Agreement.

See, Complaint at Exhibit 1 attached hereto at ¶ 22 (c). The Contract is a fully integrated agreement, and the identity of the two purchasers is crystal clear. Where the language of an integrated agreement is susceptible of a clear and definite understanding, and neither fraud, duress, nor mistake is alleged, admission of parol evidence is improper. *See, Nicolas M. Salgo Assoc. v. Continental Ill. Properties*, D.D.C., 532 F.Supp. 279, 282 (D.D.C.1981), *citing Reynolds v. Reynolds,* 415 A.2d 535, 537 (D.C.Ct.App.1980). Because the attached Contract and all of the attached contractual documents clearly identify the two purchasers to the agreement, any items of parol evidence or oral statements as to this unambiguous item are not admissible.

Furthermore, the oral statements cannot serve to modify the Contract because of the implication of the Statute of Frauds. The District of Columbia Statute of Frauds provides that an action respecting the sale of real estate may not be brought "unless the agreement upon which

the action is brought, or a memorandum or note thereof, is in writing, which need not state the consideration and signed by the party to be charged therewith or a person authorized by him." D.C.Code § 28-3502 (2004); Restatement (Second) of Contracts § 132 (1981). The statute of frauds is also applied to any modification of such a contract. *See*, *Landow v. Georgetown-Inland West Corp.*, 454 A.2d 310 (D.C., 1982) (oral modification of contract found unenforceable as contrary to statute of frauds). Thus, any statement modifying the terms of this Contract for the sale of real property, must be in writing, and any comments by the real estate agent do not modify the Contract.

Finally, Plaintiff cannot assert that the contract was *assigned* by Davarya and Ghahremani to Ghahremani individually. The Contract states that "Purchaser shall have no right to assign this Agreement without the prior written consent of Seller" *See*, Contract at ¶ 22(a). Plaintiff does not allege that Seller gave written permission to any such an assignment, only that the oral statements of the real estate agent permitted such an assignment to occur. Therefore, even accepting Plaintiff's factual allegations as true, as a matter of law, the Contract was not amended by oral statements of the agent and was not assigned to Ghahremani individually. Purchaser breached the contract and Plaintiff's Complaint that seeks to enforce the Contract between the parties must be dismissed.

**IV.** **Failure to join an indispensable party**

In addition to failing to state a claim, Plaintiff's Complaint should be dismissed for failure to join an indispensable party. Federal Rule of Civil Procedure 12(b)(7) provides for dismissal of an action if a plaintiff fails to join an indispensable party under Rule 19. "The purpose of Federal Rule of Civil Procedure 19 is to permit joinder of all materially interested

parties to a single lawsuit so as to protect interested parties and avoid waste of judicial resources." *Moore v. Ashland Oil, Inc.*, 901 F.2d 1445, 1447 (7th Cir.1990). The Court must first determine whether the presence of a party "is essential to the litigants' complete relief" or if a party "must be present to protect its own or another party's interests." *De Wit v. Firstar Corp.*, 879 F.Supp. 947, 992 996 (N.D.Iowa.1995). The test under 19(a)(1) is whether relief can be afforded to the existing parties in the absence of the party in question, and under 19(a)(2), whether disposition in the persons' absence will leave any other party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations. *See* F.R.C.P. 19(a). A party is an essential or necessary party under 19(a) if it meets either the criteria under 19(a)(1) or 19(a)(2). *Rivera Rojas v. Loewen Group Int'l, Inc.*, 178 F.R.D. 356, 361 (D.P.R.1998).

Because Plaintiff is attempting to assert a claim for breach of contract and seeking to enforce the Contract, all Contract purchasers must be present as Plaintiffs in this action. It has often been held that joint obligees are indispensable parties when suing an obligor. *See Bry-Man's, Inc. v. Stute*, 312 F.2d 585, 586 (5th Cir. 1963); *Gregory v. Stetson*, 133 U.S. 579, 10 S.Ct. 422, 33 L.Ed. 792 (1890); *Hines v. Schmehl*, 257 F. 69 (3d Cir. 1919); *McAulay v. Moody*, 185 F. 144 (C.C.Ore.1911); *See also;* 59 Am. Jur. 2d Parties § 140 ("In a contract action all obligees having a joint interest, and not a several interest, if living, must be joined as plaintiffs in an action on or arising from breach of that contract") (citations omitted). Among the reasons that have been given for the rule is that it prevents a multiplicity of actions and the division of a single cause of action. *Id.* The Contract clearly indicates that Ghahremani and Davarya have a joint interest in the contract as the Purchaser.

Without one of the two Contract purchasers, Defendant Uptown is subject to multiple or

double liabilities. If Plaintiff is permitted to bring this action against Uptown, without the presence of the second purchaser Davarya, Defendant is subject to double, multiple, or otherwise inconsistent obligations if a similar action is brought by Purchaser Davarya. Also, if Plaintiff is successful in enforcing the Contract of sale to Plaintiff individually, the rights of Davarya will be prejudiced with regard to any interest he might assert in the Property as one of the persons defined as Purchaser under the Contract. If Davarya is not a party to the present action, Uptown and Davarya both face the potential for substantial prejudice, and therefore this action must be dismissed.

Finally, Plaintiff cannot escape the joint obligation of the purchasers by suing under a theory other than Breach of Contract. Where the Plaintiff has a joint interest with another party, failure to join that party is grounds for dismissal, regardless of the theory on which Plaintiff might recover. *Bry-Man's, Inc. v. Stute*, 312 F.2d 585, 586 (5th Cir. 1963).

V. **Conclusion.**

For all of the foregoing reasons, Plaintiff's Complaint should be dismissed.

_____
Andrew J. Kline [358547]
Scott H. Rome [476677]
LAW OFFICES OF ANDREW J. KLINE
1225 Nineteenth Street, NW, Suite 320
Washington, DC 20036
(202) 686-7600
Counsel for Defendant