UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

SAMAN GHAHREMANI

    Plaintiff,

    v.

UPTOWN PARTNERS, L.L.C.

    Defendant.

Case Number 1:05CV01270
Judge: Colleen Kollar-Kotelly

**DEFENDANT'S REPLY TO PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

    Plaintiff Saman Ghahremani ("Ghahremani") filed the present action against Defendant Uptown Partners, LLC ("Uptown") asserting that Uptown breached a contract to sell real property to the Plaintiff ("the Contract"), by not closing on the Contract. Defendant Uptown filed a motion to dismiss this action asserting that it is apparent from the face of the Complaint that Ghahremani himself breached the Contract by not attending closing with the Contract Purchaser. In opposing Uptown's Motion to Dismiss, Ghahremani asserts that the Contract lacks mutuality of obligation or consideration and therefore "is not a contract that this Court should consider enforcing." *See*, Plaintiff's Opposition to Defendant's Motion to Dismiss (the "Opposition") at p. 6. Accepting Ghahremani's argument as correct, the parties did not enter into a valid contract, and there is no contract for this Court to specifically enforce.

    **A.**    **Lack of consideration is asserted by Plaintiff Ghahremani.**

    Ghahremani asserts that the Contract with Uptown lacked consideration because the alleged contract of adhesion eliminates Ghahremani's remedies upon a breach by Uptown. Ghahremani specifically states that the return of Ghahremani's deposit is not proper "consideration," "damages," or "liquidated damages," and that the provision keeping equitable

title with the seller deprives Ghahremani of equitable remedies under the law, and leaves Uptown free to default without penalty. *See*, Opposition at p. 3-5. After summarizing these provisions of the Contract, Ghahremani cites to the Restatement (Second) of Contracts and concludes that the Contract is "one without consideration." *See*, Opposition at p. 5.

      **B.**    **Consideration is an essential element to Contract formation**.

If this Court agrees with Ghahremani that the Contract lacks mutuality and consideration, then there is no valid contract to enforce, or specifically perform through equitable remedies, and Plaintiff's Complaint must be dismissed. Under the most general principles of contract law, an express contract requires an offer, an acceptance **and must be supported by consideration**. *Goozh v. Capitol Souvenir Co., Inc*. 462 A.2d 1140, 1142 FN3 (D.C.1983) (citations omitted). If consideration for the Contract was lacking, a contract was never formed. Plaintiff apparently concedes this point as he states that "[the Contract] is not a contract that this Court should consider enforcing." *See*, Opposition at p. 5. Plaintiff also remarks that it is "remarkable that such a contract is presented to the Court by Defendant as being one that any court should enforce." *See*, Opposition at p. 5.

      **C.**    **Plaintiff is attempting to enforce a Contract that it asserts was never formed.**

After asserting that the Contract is one without consideration that must not be enforced, Ghahremani somehow reaches the conclusion that the Contract may nonetheless be enforced by him. Consideration or mutuality of obligation, however, is a requirement for the formation of a bilateral contract. *King v. Industrial Bank of Washington*, 474 A.2d 151 (D.C. 1984). If, as Ghahremani suggests, there is no consideration for the Contract, there is no Contract to enforce.

Plaintiff's claim for specific performance of the Contract must fail, as courts have held that equity cannot be invoked to enforce a contract that lacks consideration. *See*, *Ideal Trading Corp. v. 237 E. Ontario Corp*, 82 Ill.App.2d 160, 168, 227 N.E.2d 150, 155 (1967) ("[I]t is likewise elementary that an executory contract without consideration cannot be enforced either in a court of law or one of equity"); *Miller v. Miller*, 237 S.E.2d 552 (N.C.App. 1977) (Equity demands valuable consideration before forcing specific performance); *Dullard v. Schafer*, 100 N.W.2d 422 (Iowa 1960) (A court of equity will not decree the specific execution of a contract unless it is fair and consideration is adequate); *Strobe v. Netherland Co.*, 283 N.Y.S. 246 (N.Y.A.D. 4 Dept.,1935) (Agreement will not be enforced in equity unless founded upon valuable consideration and mutual in its obligations and remedy).  Because the Contract lacked an essential element required for formation, it is void and cannot be enforced by any party.

**D.     The Complaint fails to comply with Rule 19(c)**

Plaintiff's Complaint alleges that both Plaintiff and Farzad Davarya ("Davarya") signed the Contract as Purchaser.  Defendant, in its Motion to Dismiss, asserts that Davarya must be joined as a party plaintiff if Plaintiff is to enforce the Contract.  In response, Plaintiff concludes that "Dr. Farzad (sic) . . . is not a necessary party," but that Defendant should file an appropriate pleading to make him a party.

The Federal Rules of Civil Procedure do not require the Defendant to join persons needed for a just adjudication.  Indeed, under F.R.C.P. 19(c), it was Plaintiff's responsibility to set forth in the Complaint the reason why Davarya was not joined as a party plaintiff. Absent a written release of rights under the Contract executed by Davarya, he still has claims under the Contract, if there be one, and he must be joined pursuant to Rule 19.

**E.      Conclusion**

For the foregoing reasons, Plaintiff's Complaint must be dismissed.

          Respectfully Submitted,

          _____/ s /_____
          Andrew J. Kline [358547]
          Scott H. Rome [476677]
          LAW OFFICES OF ANDREW J. KLINE
          1225 Nineteenth Street, NW, Suite 320
          Washington, DC 20036
          (202) 686-7600
          Counsel for Defendant